UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| QUASHAWN SHERIDAN, | Case No. 2:25-cv-00880-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| QUSAM BRANNON, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Quashawn Sheridan brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered at Clark County Detention Center. See ECF No. 1-1. On June 9, 2025, this Court ordered Sheridan to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee on or before August 8, 2025. See ECF No. 3. The Court warned Sheridan that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $405 filing fee for a civil action by that deadline. That deadline expired and Sheridan did not file a fully complete application to proceed *in forma pauperis*, pay the full $405 filing fee, or otherwise respond.

## II. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. See Thompson v. Hous. Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v.

King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (citing Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Sheridan's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & 643 n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (citation omitted)

This action cannot realistically proceed unless and until Sheridan either files a fully complete application to proceed *in forma pauperis* or pays the $405 filing fee for a civil action.

The only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Sheridan needs additional time, nor evidence that he did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

### III. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice based on Sheridan's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee in compliance with the Court's June 9, 2025, Order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Sheridan wishes to pursue his claims, he must file a complaint in a new case.

**IT IS FURTHER ORDERED** that Sheridan may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, Sheridan is required to explain what circumstances led to his to failure to file a complete application to proceed *in forma pauperis*, pay the $405 filing fee, or otherwise respond to the Court. If the Court finds there to be good cause or a reasonable explanation therein, the Court will reopen the case and vacate the judgment.

**DATED:** September 28, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 3 -